IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-01839-MSK-KMT

LNC COMMUNITIES II, LLC, formerly known as GENESEE COMMUNITIES II, LLC, successor by merger to GENESEE COMMUNITIES II, INC.;
THE GENESEE COMPANY, LLC, formerly known as FORTRESS GENESEE I, LLC, successor by merger to THE GENESEE COMPANY, LLC;
LENNAR COLORADO, LLC, successor by merger to THE GENESEE COMPANY, LLC, and
LENNAR FAMILY OF BUILDERS LIMITED PARTNERSHIP,

      Plaintiffs,

v.

AMERICAN SAFETY RISK RETENTION GROUP, INC.;
ONEBEACON INSURANCE COMPANY, formerly known as GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA;
THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA;
THE OHIO CASUALTY INSURANCE COMPANY; and
CHARTIS CLAIMS, INC.,

      Defendants.

_____

ORDER CLOSING DUPLICATE CASE
_____

**THIS MATTER** comes before the Court pursuant to the Motion to Remand (#**20**) filed by Plaintiffs, to which Defendant American Safety Risk Retention Group, Inc. ("American Safety"), responded (#**34**) and Defendants Chartis Claims, Inc. ("Chartis"), and the Insurance Company of the State of Pennsylvania ("ICSOP") also responded (#**31**). Having considered the same, as well as the docket record in this case and in related case Civil Action No. 11-cv-01346-MSK-KMT, the Court **FINDS** and **CONCLUDES** the following.

## I. Background

This is a dispute regarding insurance coverage asserted by Plaintiffs against the

Defendants, all insurers or claims administrators.  At this time, there are three cases pending in this Court relating to the parties' disagreement.  The first is *Insurance Company of the State of Pennsylvania v. LNC Communities II, LLC, et al.,* Civil Action No. 11-cv-00649-MSK-KMT.  This is a declaratory judgment action against the Plaintiffs regarding the underlying policy.

Plaintiffs thereafter filed a lawsuit in the District Court for the City and County of Denver, Colorado, Case No. 2011-cv-2997, against the Defendants in this case ("State Court Action").  Defendants ICSOP and Chartis removed the State Court Action to this Court, where it became Civil Action No. 11-cv-1346-MSK-KMT ("First Removed Case").  These Defendants assert that Chartis, the only Defendant who is a Colorado citizen, was fraudulently joined in order to defeat diversity jurisdiction.  Plaintiffs filed a Motion to Remand in the First Removed Case, arguing that the joinder is not fraudulent and not all of the Defendants joined in the removal.  Since then, however, all of the Defendants have consented to removal in the First Removed Case.

After the State Court Action was removed, however, Defendant American Safety removed the State Court Action again to this Court ("Second Removed Case"), again contending that Chartis was fraudulently joined to defeat diversity jurisdiction.  This case is the Second Removed Case.  American Safety was apparently the last-served Defendant in the State Court Action and perhaps did not receive timely notice of the prior removal.

## II.  Analysis

At issue is Plaintiffs' Motion to Remand in this Second Removed Case, which is opposed.  Plaintiffs' Motion to Remand is based primarily on the timeliness of American Safety's Notice of Removal and the fraudulent joinder issue.  The merits of remand and removal, however, are of secondary importance when the real issue is why this case should proceed at all.

As matters stand, there are two identical proceedings, both based on the identical complaint, and all of the Defendants have consented to removal in the First Removed Case.[1] All issues concerning joinder, remand, and the underlying dispute may be addressed with full participation of all the parties in the First Removed Case. The response briefs shed no light on the purpose of maintaining this second case, focusing instead on the technical right of American Safety to remove the case. In the absence of any showing of the need for two parallel proceedings, this case is closed.

**IT IS THEREFORE ORDERED**

(1) This case shall be terminated and the merits of the removal and underlying dispute determined in Civil Action No. 11-cv-1346-MSK-KMT.

(2) Plaintiffs' Motion to Remand (#**20**) is **DENIED AS MOOT.**

Dated this 22nd day of September, 2011

BY THE COURT:

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge

---

[1] Even if they had not consented, this would be only a procedural defect, not a jurisdictional one. *Farmland National Beef Packg. Co. v. Stone Container Corp.*, 98 Fed.Appx. 752, 756 (10th Cir. 2004) (unpublished), citing *Sheet Metal Workers v. Seay*, 693 F.2d 1000, 1005 n. 8 (10th Cir. 1982). As such, it does not implicate the Court's ability to hear the case; it merely requires that the procedural defect be cured some time prior to the entry of judgment. *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011).